UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC JOSEY,

      Plaintiff,

v.                                CASE NO.: 3:25-cv-01472-BJD-SJH

FLAGLER COUNTY BOARD OF
COUNTY COMMISSIONERS;
SCHOOL BOARD OF FLAGLER
COUNTY; FLAGLER COUNTY
SHERIFF; and CITY COMMISSION
OF THE CITY OF BUNNELL,

      Defendants
_____/

**DEFENDANTS' JOINT MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Defendants FLAGLER COUNTY BOARD OF COUNTY COMMISSIONERS ("County"), SCHOOL BOARD OF FLAGLER COUNTY ("School Board"), FLAGLER COUNTY SHERIFF ("Sheriff"), and CITY COMMISSION OF THE CITY OF BUNNELL ("Bunnell"), by and through undersigned counsel, move this Court pursuant to Rule 12(b)(6), Fed. R. Civ. P., and in accordance with Local Rule 3.01(a), for an order dismissing Plaintiff's Complaint (Doc. #1). In support thereof, the Defendants collectively state as follows:

**STATEMENT OF THE CASE**

Defendants, four local governmental entities, crafted an Interlocal Agreement ("Agreement") pursuant to Section 163.01, Florida Statutes, to bring

enhanced services to underserved youth of Flagler County in a public facility. Defendants' activities were not conducted in secret. Defendants received input from community stakeholders, and the Agreement was considered and adopted in several public meetings by the various local governments and otherwise in compliance with state law.

Plaintiff, a resident of Flagler County, is a disgruntled citizen who has a political dispute with Defendants and is attempting to undo the Agreement through litigation. Plaintiff's remedy is not through the Court but the ballot box.

Plaintiff fails to state a plausible claim upon which relief can be granted. At the onset, he does not have standing to bring this action. In addition, Plaintiff's sole objection is that the Defendant Sheriff is going to involve the Police Athletic League which operates under the auspices of the Sheriff.

Plaintiff's Complaint appears to claim that Defendants collectively delegated public responsibilities and the public property consisting of the "George Washington Community Carver Center" [*sic.*] ("Carver Center") without lawful authority, transparency, or meaningful public oversight in violation of the United States Constitution. Plaintiff further alleges that Defendants further discriminate against the residents of the "City of Bunnell south" [*sic.*] from legitimate public participation, equal treatment, judicial access, and deprive Plaintiff of procedural due process and a protected property interest.

## MOTION TO DISMISS

1.     Plaintiff filed a six-count Complaint against Defendants. Count I is titled "Violation of Procedural Due Process (Fourteenth Amendment) – (42 U.S.C. §1983 – Against All Defendants)" and appears to set forth a cause of action for alleged violations of Plaintiff's Fourteenth Amendment right to procedural due process in the "approving, executing, and implementing the 2023-2024 Interlocal Agreement."

2.     In Count II, Plaintiff alleges that under 42 U.S.C. §1983, Defendants violated the Fourteenth Amendment of the United States Constitution in its "disparate and discriminatory treatment of Plaintiff and the historically Black community served by the Carver Center" in violation of the Equal Protection Clause.

3.     In Count III, Plaintiff alleges that under 42 U.S.C. §1983, Defendants violated the Fourteenth Amendment of the United States Constitution in their intentional and irrational treatment of Plaintiff and the Carver Center "differently from other similarly situated residents and facilities, without any legitimate governmental justification."

4.     In Count IV, Plaintiff alleges that under 42 U.S.C. §1983, Defendants violated the Fourteenth Amendment of the United States Constitution through its "arbitrary, capricious, and conscience-shocking exercise of governmental power in displacing longstanding community school programs and true governance at the Carver Center by privileging a private law enforcement-affiliated nonprofit

organization, and disregarding the community's deeply rooted reliance interests without any legitimate justification."

5.      In Count V, Plaintiff alleges that under 42 U.S.C. §1983, Defendants acted *ultra vires* by abusing home rule authority in a manner "inconsistent with general law," specifically Section 163.01, Florida Statutes.

6.      In Count VI, Plaintiff alleges that under 42 U.S.C. §1983, Defendants violated the First and Fourteenth Amendments of the United States Constitution by denying Plaintiff's right of access to the courts and his right to petition the government for redress of grievances.

7.      Plaintiff seeks declaratory relief, as well as temporary and permanent injunctive relief. Plaintiff also seeks compensatory damages, as well as "reasonable costs and, to the extent recoverable, attorney's fees pursuant to 42 U.S.C. §1988 and any other applicable authority."

8.      Simply put, in all six counts of the Complaint which were brought under 42 U.S.C. §1983, Plaintiff fails to allege a custom, policy, or practice under §1983, and fails to specifically identify the policymaker to whom such custom, policy or practice can be attributed so that it may be fairly said to represent official policy of the respective Defendant(s), and therefore fails to state a claim under which relief can be granted. Further, all six counts fail to distinguish the actions of the disparate Defendants in the action.

9.      In Count I, even with the Federal Courts liberal notice pleading requirement, factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true. Plaintiff fails to plead sufficient facts to state a claim to relief that is plausible on its face as to how Defendants have deprived Plaintiff of procedural due process, and specifically how Plaintiff has been deprived of adequate public notice and a meaningful opportunity to be heard. Moreover, the facts asserted in the Complaint specifically contract those allegations raised by Plaintiff of purported violations of his procedural due process rights.

10.     Count II is similar in its infirmities to Count I. Plaintiff again fails to raise a right to relief above the speculative level and fails to plead sufficient facts to state a claim to relief that is plausible on its face as to how Defendants have treated Plaintiff differently than similarly situated persons in violation of the Equal Protection Clause of the United States Constitution, and specifically Plaintiff's complaint does not allege any similarly situated person or group with whom this Court can compare him in determining whether he was treated disparately.

11.     Count III contains similar infirmities. Plaintiff again fails to raise a right to relief above the speculative level and fails to plead sufficient facts to state a claim to relief that is plausible on its face as to how Defendants intentionally and specifically singled out Plaintiff for punitive action, that other similarly situated individuals were not subject to similar action, and that there was no rational basis for the differential treatment. Specifically, Plaintiff's complaint fails to allege with sufficient facts any comparators that are prima facie identical in all relevant respects to establish a "Class of One" for a cause of action for a violation of the

Equal Protection Clause pursuant to the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

12.    Count IV suffers from the same infirmities. Plaintiff fails to raise a right to relief above the speculative level and fails to plead sufficient facts to state a claim to relief that is plausible on its face as to how Defendants violated his substantive due process rights under the Fourteenth Amendment of the United States Constitution. Specifically, Plaintiff fails to state, specifically or generally, what protected property or liberty interest was deprived by the Defendants' actions in approving the Interlocal Agreement relating to the Carver Center.

13.    In Count V, Plaintiff asks this Court to find the Defendants' actions inconsistent with Florida law, specifically Section 163.01, Florida Statutes. Plaintiff fails to raise a right to relief above the speculative level and fails to plead sufficient facts to state a claim to relief that is plausible on its face. Plaintiff has failed to allege that this Court has subject matter jurisdiction over this claim over state law. Specifically, Plaintiff fails to plead sufficient facts to assert that a federal question remains as to Defendants actions relating to the approval of the Interlocal Agreement pursuant to Section 163.01, Florida Statutes.

14.    In Count VI, even with the Federal Courts liberal notice pleading requirement, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. Plaintiff fails to plead sufficient facts to state a claim to relief that is plausible on its face as to how Defendants have deprived Plaintiff of his "right to access to

the courts and his right to petition the government for redress of grievances" under the First and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff's allegation of deprivation consists of the dismissal of his state court action against same Defendants in *Eric Josey v. Flagler County Board of County Commissioners*, Case No. 2024-CA-000135 (Fla. 7th Cir. 2024), which said Order dismissing the action Plaintiff attached as an exhibit to his Complaint. Plaintiff fails to state a cause of action as to why, and under what authority, this Court can review and reverse the action of a state court in contravention to the doctrine of collateral estoppel.

15.    Based on the supporting memorandum, Plaintiff's Complaint should be dismissed for failure to state a cause of action and for lack of subject matter jurisdiction.

## MEMORANDUM OF LAW

A.    *Plaintiff's Complaint Should Be Dismissed as a "Shotgun Pleading" That Violates Procedural Rules and Fails to One Degree or Another to Give the Defendants Adequate Notice of the Claims Against Them and the Grounds Upon Which Each Claim Rests.*

Dismissal on shotgun-pleading grounds is appropriate "where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1325 (11th Cir. 2015). Plaintiff's Complaint falls into one of the categories of shotgun pleadings established by the courts in *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021). Plaintiff's Complaint "asserts multiple claims against multiple

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014).

Accordingly, Defendants respectfully request the Court order a more definite statement and order a repleader in the above styled action. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir 2018).

B.    *Plaintiff Has No Standing to Assert a Claim for Damages Against Defendants*

Plaintiff lacks standing to assert a claim of damages pursuant to 42 U.S.C. §1983 against Defendants and therefore the court's subject matter jurisdiction has not been invoked. "Federal courts do not possess a roving commission to publicly opine on every legal question." *Transunion LLC v. Ramirez*, 141 S.Ct. 2190, 2203, 210 L.Ed.2d 568 (2021). "A plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him that it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

A plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief sought. *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433,

137 S.Ct. 1645, 198 L.Ed.2d 64 (2017). A plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). Absent these elements, a federal court's exercise of power "would be gratuitous and thus inconsistent with the Article III limitation." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

Plaintiff has the burden of establishing the three elements for standing set forth in *Spokeo* and must clearly allege facts demonstrating each element. *Spokeo*, 578 U.S. at 338. In the present case, Plaintiff alleges standing as a "resident, business, and taxpayer of Flagler County, with a direct interest in the Carver Center and ensuring the lawful use of public funds." (Doc. #1, p. 3). The standing of municipal taxpayers to challenge, as unconstitutional, expenditures by local governments remains settled law in this Circuit. *See Pelphrey v. Cobb County*, 547 F.3d 1263 (11th Cir. 2008). Municipal taxpayers have standing to challenge unconstitutional expenditures "if their interest is *direct and immediate*." *Id.*, at 1281 (*quoting Frothingham v. Mellon*, 262 U.S. 447, 486, 43 S.Ct. 597, 67 L.Ed. 1078 (1923)) (*Emphasis Added*).

Plaintiff lacks standing because he fails to plead with sufficient facts allegedly illegal use of taxpayer money. The only expenditure of funds identified by Plaintiff in the Complaint is in <u>Paragraph 20</u> and it relates to a donation of One Hundred Thousand ($100,000.00) Dollars by a private organization to the

Defendant Flagler County Sheriff referenced in an online media article from April 4, 2023, and linked in the Complaint. The funds referenced in Plaintiff's allegation fail to tie the purported donation to the "Carver Center." (Doc. #1), and there are no further factual allegations elsewhere in the Complaint relating to the funding of the "Carver Center."  This is insufficient to establish that public funds were used for an allegedly offensive practice. "To confer taxpayer standing on such a basis would allow any municipal taxpayer to challenge virtually any governmental action at any time. Article III, as interpreted by the Supreme Court, requires a good deal more. Instead, to rely on municipal taxpayer standing, Plaintiffs must demonstrate 'a measurable appropriation or loss of revenue attributable to the challenged activities.'  Their failure to do so forecloses any argument based on taxpayer standing." *Gagliardi v. City of Boca Raton*, 197 F. Supp. 3d 1359, 1366-1367, *quoting Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 74 (2d Cir. 2001).

In this case, Plaintiff does not have municipal-taxpayer standing because he failed to plead with sufficient facts allegedly illegal use of taxpayer money and that his interest is direct and immediate. As such, Plaintiff has failed to meet the threshold requirement to establish a case or controversy sufficient to invoke this Court's subject matter jurisdiction.

C.    *Plaintiff Has Failed to State a Cause of Action to Sustain an Action Under 42 U.S.C. §1983 in Counts I through VI of the Complaint for Failure to Allege Sufficient Facts Setting Forth a Custom, Policy, or Practice That Is the Alleged Moving Force Behind Plaintiff's Injury and Has Failed to Specifically Identify Both the Specific Defendant and the Specific Policy Maker to Whom the Alleged Custom, Policy, or Practice Can Be Attributed to and, Therefore, Represents Official Policy.*

Local governments can be sued directly under 42 U.S.C. §1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a decision officially adopted and promulgated by that government's officers. *Monell v. Dep't of Soc. Serv. of N.Y. City*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Municipal liability under §1983 attaches where . . . a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). A local government is not liable under §1983 unless an official policy or custom of the local government is the approximate cause of the constitutional violation. *Monell*, 436 U.S., at 694, 98 U.S. at 2037-38. Moreover, actual or constructive knowledge of a custom or practice must be attributable to the local government or to the official to whom that body has delegated policy-making authority. *St. Louis v. Prapotnik*, 485 U.S. 112, 126, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

To prove liability against a local government under 42 U.S.C. §1983 based upon a custom, policy, or practice, a plaintiff must establish a widespread practice that, although not authorized by written law or express governmental or municipal

policy, is "so permanent and well settled as to constitute custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). The U.S. Supreme Court has "consistently refused to hold [local government entities] liable under a theory of respondent superior" *Bd. of Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). "As we recognized in *Monell* and have repeatedly reaffirmed, Congress did not intend governmental entities to be held liable unless deliberate action attributable to the entity directly caused the depravation of federal rights." *Brown*, 520 U.S. at 415.

Municipal "policy" has been defined as a "course of action consciously chosen from among various alternatives" respecting basic governmental functions. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436 85 L.Ed.2d 791 (1985). Municipal "policy" is found most obviously in municipal ordinances, regulations and the like which directly command or authorize constitutional violations. *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). "Custom" consists of those practices of governmental officials that are "so permanent and well settled" as to have "the force of law." *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. In defining custom in this fashion, the *Monell* court borrowed language from *Adickes v. S.H. Cress and Company*, 398 U.S. at 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), which defined the term "custom" as "persistent and widespread . . . practices" or practices that are "permanent and well settled" or

"deeply imbedded traditional ways of carrying out . . . policy." *Adickes*, 398 U.S. at 167-68, 90 S.Ct. at 1613-14.

*Monell* additionally teaches that governmental customs which may serve as the bases for liability may only be created by governmental lawmakers or those whose edicts or acts may freely represent official policy. *Monell*, 436 U.S. at 696, 98 S.Ct. at 2037-38. Where a 42 U.S.C. §1983 claim is asserted against a governmental entity such as Defendants, a plaintiff attempting to establish municipal liability must specifically identify the policymaker and—regardless of the nature of the alleged underlying depravation—a "policy" or "custom" that caused their injury. *Brown*, 520 U.S. at 403; *Monell*, 436 U.S. at 694. "It is when an execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." *Monell*, 436 U.S. at 694.

Clearly, Plaintiff has failed to identify, generally or specifically, any custom, policy, or practice that is the "moving force" behind his alleged injuries. Moreover, Plaintiff fails to identify, generally or specifically, which is the governmental entity among the four named as defendants in this action and who is the policymaker among the four named Defendants that implemented or formulated the alleged policy. Since Plaintiff fails to identify the policymaker who allegedly implemented the alleged policy, custom, or practice that was a "moving force" behind Plaintiff's alleged injuries in all six Counts of the Complaint, all counts must be dismissed for

failure to state a cause of action upon which relief can be granted for municipal liability under 42 U.S.C. §1983. *See Piotrowski*, supra.

D.     *Count I of Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action for Violation of Procedural Due Process Under the Fourteenth Amendment of the United States Constitution.*

While a complaint attacked by a Rule 12(b)(6), Fed. R. Civ. P., motion to dismiss does not need detailed factual allegations, a plaintiff still needs to provide the grounds of his entitlement to relief that are greater than just mere labels and conclusions, or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Factual allegations must rise to a level above speculation, on the assumption that all allegations are true. *Id.*

The courts have previously stated that "a procedural due process violation is not complete unless and until the [state] fails to provide due process." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994). Accordingly, "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under [§1983] arise." *Id.*

Plaintiff's complaint does not allege that Defendants have failed to provide an adequate remedy to the alleged violation of his rights. *See Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996) (per curiam). In fact, Plaintiff's complaint acknowledges that the Interlocal Agreement at issue in the Complaint was "brought to each governing body for approval in advertised public meetings" (Doc. #1, p. 10), and "[d]espite Plaintiff's public opposition to the ILA's legality and

public objection . . . the governing bodies each voted to approve the new ILA." (Doc. #1, p. 10). A court's duty to accept the facts in a complaint as true does not require it to ignore specific factual details in a pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleadings, the exhibits govern. *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

Accordingly, it cannot be said that Plaintiff's Complaint states a plausible cause of action for a procedural due process violation.

E.    *Count II of Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action for Violation of the Equal Protection Clause Under the Fourteenth Amendment of the United States Constitution.*

To properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately. *Thigpen v. Bibb County*, 223 F.3d 1231, 1237 (11th Cir. 2000). "When social or economic legislation is at issue, the Equal Protection Clause allows States wide latitude, and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic process." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The clause does not "require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 84 L.Ed. 1124 (1940). Equal protection jurisprudence is typically concerned with governmental classification and treatment that affects some discrete and identifiable group of citizens differently from other groups. *Corey Airport Servs.,*

*Inc. v. Clear Channel Outdoor, Inc.*, 682 F.3d 1293, 1296 (11th Cir. 2012). Defining that "identifiable group" is crucial in establishing that claim. *Id.*, at 1296-97.

Regarding the adoption of the Interlocal Agreement to restructure the Carver Center's governance, the Plaintiff fails to state a claim under the Equal Protection Clause. Unclear is whether the groups the Plaintiff identifies (Carver Center advisory board, South Bunnell residents, children participating in Flagler County youth sports programs, children participating in Police Athletic League programs, or "Bunnell's Black community") constitute a "discrete and identifiable group [or groups] of citizens. *See Corey*, 682 F.3d at 1296.  The Plaintiff fails to allege facts making plausible that the restructuring of the Carver Center's governance pursuant to the Interlocal Agreement resulted in unequal treatment of them or that the Defendants made their decision "at least in part because of, not merely in spite of, [any] adverse effects upon" those groups. *See id.*, at 1297 (quoted).

Accordingly, it cannot be said that Plaintiff's Complaint states a plausible cause of action for an equal protection violation.

F.    *Count III of Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action to Establish a "Class of One" for Violation of the Equal Protection Clause Under the Fourteenth Amendment of the United States Constitution.*

Plaintiff alleges in his Complaint, and cites to *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000), that Defendants have violated "intentionally and irrationally treated him and the Carver Center

16

community differently from other similarly situated residents and facilities without any legitimate governmental justification." (Doc. #1, p. 29). In order to state a cause of action for a violation of the equal protection clause by a "class of one," a plaintiff must allege that (1) he was intentionally treated differently from others similarly situated; and (2) there was no rational basis for the differential treatment. *Id.*, at 564. "To be similarly situated, the comparators must be *prima facie identical in all relevant respects*." *Grider v. City of Auburn*, 618 F.3d 1240, 1264 (11th Cir. 2010) (*Emphasis in Original*). Plaintiffs are not permitted simply to rely on broad generalities in identifying a comparator. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009). A "class of one" plaintiff could fail to state a claim by leaving out crucial facts in alleging that he is similarly situated to another. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007).

Plaintiff's Complaint fails to allege any facts showing that he was intentionally treated differently from others similarly situated absent a rational basis. *See Village of Willowbrook*, 528 U.S. at 564. Paragraph 72 of Plaintiff's Complaint solely alleges that "Defendants singled out Plaintiff and the Carver Center community for unfavorable treatment by refusing to meaningfully consider their proposals, disregarding their objections, and excluding them from meaningful participation, while granting preferential access, support, and institutional backing to PAL and other recreation projects in different neighborhoods." (Doc #1, p. 30). The allegations consist solely of broad

generalities regarding the Defendants' purported actions and the alleged comparators. Further, Plaintiff's Complaint fails to assert with sufficient facts that comparators (PAL and "other recreation projects in different neighborhoods") are "*prima facie identical in all relevant respects.*" *See Grider*, 618 F.3d, at 1264.

Plaintiff's reliance on *Village of Willowbrook* in Count III is misplaced and insufficient to state a cause of action, as it does not allege sufficient facts to support the establishment of a "class of one," and it is legally incorrect as applied to this case. In *Village of Willowbrook*, the only relevant factor the Court was analyzing for the "similarly situated" requirement was a one-dimensional, single answer to a single question—required easement size. In the present case, the Defendants' action is undeniably multi-dimensional involving varied decision-making criteria relating to funding and governance applied in a series of discretionary decisions made over an extended period of time. When dissimilar governmental treatment is not the product of a one-dimensional decision—such as a standard easement or a tax assessed at a pre-set percentage of market value—the "similarly situated" requirement will be more difficult to establish. *See Griffin Indus. v. Irvin*, 496 F.3d 1189, 1203-04 (11th Cir. 2007). Accordingly, when plaintiffs in "class of one" cases challenge the outcome of complex, multi-factored government decision-making processes, similarly situated entities "must be very similar indeed." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). Bare allegations that "others" were treated differently, as Plaintiff alleges in the Complaint, do not state an equal protection claim. *See Griffin Indus.*, 496 F.3d, at 1205.

Accordingly, it cannot be said that Plaintiff's Complaint states a plausible cause of action to establish a "class of one" for an equal protection violation.

G.    *Count IV of Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action for Violation of Substantive Due Process Under the Fourteenth Amendment of the United States Constitution*

Plaintiff alleges, pursuant to 42 U.S.C. §1983, that Defendants' "arbitrary, capricious, and conscience-shocking exercise of governmental power in displacing longstanding community school programs and true governance at the Carver Center . . . [was] without any legitimate justification." (Doc. #1, p. 32).  Plaintiff's 42 U.S.C §1983 claim should be dismissed for failure to state a claim on the ground that Plaintiff's allegation fails to show a violation of either a protectable property or liberty interest.

For the purposes of 42 U.S.C. §1983 claims, the parameters of a plaintiff's property interest are defined by state law. *Key West Harbour Dev. Corp. v. City of Key West*, 987 F.2d 723,727 (11th Cir. 1993). Under Florida law, a property interest may be created by a statute, ordinance, contract, policies, or institutional practices. *Id.*  When considering whether a property right has been created, "the determinative issue is the level of discretion afforded the governmental body by the statutes, ordinances, policies, or rules." *Am. Recycling Co., Inc. v. Cnty of Manatee*, 963 F. Supp. 1572, 1583 (M.D. Fla. 1997). As more discretion is granted to the governmental entity, the less likely it is that a constitutionally protected property interest exists. *Id.*

Plaintiff's Complaint fails to allege any facts showing a property interest in the "community school programs" or "true governance" of the Carver Center. Further, as per the *Am. Recycling Co.* case, the Defendants in this case will have great discretion in establishing the types of programs and the funding mechanism for its program and facilities, thereby making it less likely that Plaintiff will be able to plausibly claim a protected property right.

Plaintiff's Complaint also fails to allege any facts showing he has been deprived of a liberty interest. "Liberty interests are both broader and more difficult to define than property interests." *Bank of Jackson Cnty. v. Cherry*, 980 F.2d 1362, 1367 (11th Cir. 1993). Even if, *in arguendo*, Plaintiff were precluded from participating in programs at the Culver Center, Plaintiff's would not be able to assert a deprivation of a liberty interest because Plaintiff could not show that Defendants have precluded him from participating in every program within the county, or in another city within the county, or in any other county or city, or elsewhere in the entire state, or nation. *See Cherry*, *id., B.R.W. Constr., Inc. v. Hernando Cnty.*, 2021 U.S. Dist. LEXIS 104229 (M.D. Fla. 2021).

Accordingly, it cannot be said that Plaintiff's Complaint states a plausible cause of action to establish a substantive due process violation.

H.    *Count V of Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action for Violation of Substantive Due Process Under Article VIII §§(1)(f), 2(b), Florida Constitution, and Section 163.01, Florida Statutes.*

Plaintiff alleges, pursuant to 42 U.S.C. §1983, and Florida Law that the Defendants have "abused Home Rule authority in a manner inconsistent with

general law, specifically the Interlocal Cooperation Act, [Section] 163.01, Florida Statutes."  Plaintiff's claim that he has been deprived of a liberty and property interest by Defendants' action in violation of Section 163.01, Florida Statutes, should be dismissed on the grounds that this court lacks subject matter jurisdiction.

If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *Arbugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Plaintiff has not plead with sufficient facts, nor is there a legal basis to exercise subject matter jurisdiction over this claim for "unauthorized delegation of governmental authority to a private nonprofit entity and [the Defendants'] execution of an Interlocal Agreement." There is no diversity of parties and this issue lacks a federal question.

"Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). "The first step . . . is to identify the specific constitutional right allegedly infringed." *Id*. "The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right[.]" *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In the present case, Plaintiff fails to assert with any facts the specific federal right allegedly infringed by the Defendants' actions.

Accordingly, it cannot be said that Plaintiff's Complaint states a plausible cause of action to establish a deprivation of liberty and property interests due to unauthorized government action by abuse of home rule powers.

I.    *Count VI of Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action for Violation of the First and Fourteenth Amendment of United States Constitution for Denial of Access to the Courts and Denial of the Right to Petition.*

Plaintiff alleges, pursuant to 42 U.S.C. §1983, that Defendants have denied the Plaintiff his "right of access to the courts and his right to petition the government for redress of grievances." (Doc. #1, p. 42.)  Plaintiff specifically asserts, Count VI "is based on Defendants' conduct in creating and exploiting procedural barriers—most notably, their baseless legal standing argument and omission of individual rights in the ILA—that prevented Plaintiff from obtaining judicial review of Defendants' unlawful actions in state court." (Id.).

Attached to Plaintiff's Complaint as Exhibit A was the "State Court Final Orders," showing that Plaintiff sought judicial review of the purported action complained of herein before the Seventh Judicial Circuit in and for Flagler County, Florida. (Doc. #1, Ex. A). "Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). The Plaintiff cannot make a conclusory statement in the Complaint that he was "prevented... from obtaining

judicial review" and then have an exhibit showing that the matter was filed in state court and dismissed when Plaintiff failed to timely file an Amended Complaint.

"The Courts should not entertain the lawsuit 'where the alleged claim under the Constitution or Federal Statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83, 55 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

Accordingly, Plaintiff's Complaint fails to state a plausible cause of action to establish a violation of his First and Fourteenth Amendment rights to court access and petition when a state court action was previously filed by Plaintiff, properly dismissed by the Courts, properly heard by the appellate courts of the State of Florida, and properly adjudicated.

## CONCLUSION

Plaintiff's Complaint is an example of a shotgun pleading which warrants dismissal in that Defendants cannot ascertain which claims have been pled against which individual Defendant. At no point in the Complaint are individual Defendants identified for specific actions alleged.

Plaintiff lacks standing to bring this action as a taxpayer action because he fails to plead with sufficient facts allegedly illegal use of taxpayer money. The only expenditure of funds identified by Plaintiff relates to a donation by a private organization. The Plaintiff goes on to make generalized statements of the nature of

the athletic programs funded by Defendants. This is insufficient to establish that public funds were used for an allegedly offensive practice.

Plaintiff has not and cannot allege sufficient facts to plausibly support his claims. Plaintiff has failed to properly plead a claim pursuant to 42 U.S.C. §1983 in order to impugn liability upon a local government actor by failing to allege with sufficient facts to plausibly support the existence of a policy, custom, or practice on that part of the specific local government defendant, and that a violation of a constitutional right whose "moving force" was the policy, custom, or practice. This applied to all six (6) counts of the Plaintiff's Complaint.

Plaintiff has not and cannot allege sufficient facts to plausibly support its claims of purported constitutional violations. Plaintiff has failed to identify a protected property right as well as a protect liberty right outside of a conclusory statement. Further, Plaintiff's violations of the Equal Protection Clause as a "Class of One" are not supported by sufficient facts that can plausibly establish such a claim.

Plaintiff's Count V lacks subject matter jurisdiction in that it does not purport to establish a federal question and brings forth an action under 42 U.S.C. §1983 without identifying the federal right infringed by the state actor.

Finally, Plaintiff's Count VI surreptitiously seeks to reverse the state court's decision to dismiss his action challenging the same matter he is bring forth in this court by couching it in terms of a purported constitutional infirmity.

Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

Case No. **3:25-cv-01472-BJD-SJH**

Respectfully submitted,

  */s/ Michael A. Rodríguez*
MICHAEL A. RODRÍGUEZ (Lead)
County Attorney
Florida Bar No. 127256
mrodriguez@flaglercounty.gov
SEAN S. MOYLAN
Deputy County Attorney
Florida Bar No. 0076251
smoylan@flaglercounty.gov
Office of the County Attorney
Flagler County
1769 East Moody Boulevard, Bldg. 2
Bunnell, Florida 32110
T: 386.313.4005
COUNSEL FOR FLAGLER COUNTY

  */s/ Paul Waters*
PAUL WATERS
City Attorney
Florida Bar No. 817651
Vose Law Firm, LLP
324 West Morse Boulevard
Winter Park, Florida 32789
T: 407.645.3735
F: 407.628.5670
E: paul@voselaw.com
COUNSEL FOR CITY OF BUNNELL

  */s/ Michael P. Spellman*
MICHAEL P. SPELLMAN (Lead)
Florida Bar No. 937975
Sniffen & Spellman, P.A.
123 North Monroe Street
Tallahassee FL 32301
T: 850.545.2974
E: mspellman@sniffenlaw.com
COUNSEL FOR SHERIFF

25

*/s/ Amy D. Envall*
AMY D. ENVALL
Florida Bar No. 0735469
E: aenvall@sniffenlaw.com
(Designated Lead Counsel)
TERRY J. HARMON
Florida Bar No. 0029001
E: tharmon@sniffenlaw.com
Sniffen & Spellman, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
T: (850) 205-1996
F: (850) 205-3004
ATTORNEYS SCHOOL BOARD OF
FLAGLER COUNTY, FLORIDA

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel has conferred with counsel for Plaintiff via electronic mail on December 22, 2025, about the relief requested herein. The parties do not agree on the resolution of this Motion, and Plaintiff opposes the dismissal requested herein.

*/s/ Michael A. Rodríguez*
MICHAEL A. RODRÍGUEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the U.S. District Court, Middle District of Florida, via the CM/ECF system, which will also serve a copy to all counsel of record, on this 29th day of December, 2025.

*/s/ Michael A. Rodríguez*
MICHAEL A. RODRÍGUEZ